UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DUCKY'S SPORTSWEAR & T-SHIRTS LLC, | § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | CIVIL ACTION NO: 5:20-cv-00729 |
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, | | |
| Defendant. | | |

## **DEFENDANT'S NOTICE OF REMOVAL**

Defendant Travelers Casualty Insurance Company of America ("Travelers"), by and through undersigned counsel, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. This Court has original jurisdiction over this action pursuant to § 1332 because, upon information and belief, there is complete diversity of citizenship between Travelers and Plaintiff Ducky's Sportswear & T-Shirts LLC ("Plaintiff"), and the amount in controversy exceeds $75,000, exclusive of interest and costs. In support of this Notice, Travelers states as follows:

**I.     BACKGROUND AND PROCEDURAL HISTORY**

   **A.     Commencement of State Court Action and Service of Process**

   1.     Plaintiff commenced this civil action on April 29, 2020 by filing Plaintiff's Original Petition in the 22nd Judicial District Court of Comal County, Texas, Case No. C2020-0674A (the "State Court Action").

   2.     The Original Petition, which includes a jury demand, names Travelers as the sole defendant.

3. Travelers was served with Plaintiff's Original Petition through the Texas Commissioner of Insurance on May 29, 2020. Attached hereto as **Exhibit B** and made a part hereof is a copy of all process, orders, and pleadings filed and/or served in the State Court Action, including the Original Petition.

4. This Notice of Removal is timely filed within thirty (30) days of service of process upon Travelers on May 29, 2020, in accordance with 28 U.S.C. § 1446(b).

### B. Plaintiff's Claims

5. Plaintiff alleges that Travelers issued to Plaintiff an insurance policy providing coverage for a business located at 272 South Union Avenue, New Braunfels, Texas 78130 (the "Property"). **Ex. B** (Original Petition), p. 2.

6. Plaintiff further alleges that it made an insurance claim to Travelers for business interruption losses and other ongoing damages which Plaintiff "sustain[ed] . . . during the Covid-19 outbreak and subsequent Comal County and State of Texas Orders." *Id.*, pp. 2-3.

7. Plaintiff alleges that Travelers erroneously denied Plaintiff's insurance claim and, in so doing, breached the contract of insurance, violated Texas Insurance Code §§ 541.061, 542.055, 542.056, 542.057, 542.058, and breached the "common-law duty of good faith and fair dealing." *Id.*, pp. 3-6. Plaintiff further alleges that Travelers undertook these actions "knowingly." *Id.*, p. 6.

8. Plaintiff seeks compensatory damages, treble damages, interest, costs, and attorney's fees. *Id.*, pp. 6-7.

## II. VENUE

9. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this district.

### III.   BASIS FOR REMOVAL

10.   Section 1332(a) permits removal of state court actions to federal district courts where (1) complete diversity of citizenship exists between the parties; and (2) the amount in controversy exceeds $75,000. This action satisfies both conditions.

#### A.   Diversity

11.   For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

12.   Plaintiff's sole member is an individual who resides in New Braunfels, Texas. Thus, Plaintiff is a citizen of Texas for purposes of diversity jurisdiction.

13.   Travelers is a corporation that is incorporated under the laws of the state of Connecticut and has its principal place of business in Connecticut. Travelers is thus a citizen of Connecticut for purposes of diversity jurisdiction. *Id.*

14.   Complete diversity of citizenship exists between Travelers and Plaintiff because Travelers is a citizen of Connecticut and Plaintiff is a citizen of Texas.

#### B.   Amount in Controversy

15.   Under § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs." "To determine whether the amount in controversy is satisfied, the Court must look to the complaint at the time it was filed. . . . An allegation in the complaint of the requisite amount will normally suffice to confer jurisdiction upon the court if the claim is made in good faith . . . ." *Gutierrez v. Nissan N. Am., Inc.*, 2016 WL 8258790, *2 (W.D. Tex. Apr. 12, 2016) (citations and internal quotation marks

omitted); *see also KVOS, Inc. v. Associated Press*, 299 U.S. 269, 277, 57 S. Ct. 197, 200, 81 L. Ed. 183 (1936) (same).

16. In the Original Petition, Plaintiff states that it seeks to recover damages in excess of $100,000 (but not to exceed $200,000), exclusive of interest and costs. **Ex. B** (Original Petition), p. 8.

17. Travelers denies the validity and merits of Plaintiff's claims, the legal theories upon which those claims are based, and the allegations for monetary and other relief requested. However, for purposes of removal only, and without conceding that Plaintiffs are entitled to any damages or other relief whatsoever, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs. As such, this Court has diversity jurisdiction over this matter and it is removable under 28 U.S.C. § 1441(b).

### IV. CONCLUSION

18. As required by 28 U.S.C. § 1446(a), a copy of each of the following are attached to or will be filed with this Notice of Removal:

   a. The docket sheet in the State Court Action – attached as Exhibit A; and

   b. Each pleading, writ, or order filed, issued, or entered in the State Court Action (as separate attachments arranged in chronological order according to state court filing date) – attached as Exhibit B.

19. Travelers will promptly file a copy of this Notice of Removal with the clerk of the state court where the State Court Action is pending.

WHEREFORE, pursuant to 28 U.S.C. §§ 1441, 1446 and 1332. Defendant Travelers Casualty Insurance Company of America requests that this action be removed from the 22nd Judicial District Court of Comal County, Texas, to the United States District Court for the Western

District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

        Respectfully submitted,

        **ZELLE LLP**

        By:   */s/ Jennifer L. Gibbs*
           James W. Holbrook, III
           Texas Bar No. 24032426
           jholbrook@zelle.com
           Jennifer L. Gibbs
           Texas Bar No. 24050656
           jgibbs@zelle.com

        901 Main Street, Suite 4000
        Dallas, TX  75202
        Telephone:    214-742-3000
        Facsimile:     214-760-8994

        - and-

        Gregory P. Varga
        (subject to *pro hac vice* admission)
        gvarga@rc.com
        Denis J. O'Malley
        (subject to *pro hac vice* admission)
        domalley@rc.com
        **ROBINSON & COLE LLP**
        280 Trumbull Street
        Hartford, CT 06103
        Telephone:    860-275-8200

        **ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document was served on all counsel of record on June 22, 2020, in accordance with the Federal Rules of Civil Procedure as follows:

    Shannon E. Loyd
    shannon@theloydlawfirm.com
    THE LOYD LAW FIRM, P.L.L.C.
    12703 Spectrum Drive, Suite 201
    San Antonio, TX  78249
    Telephone:    210-775-1424
    Facsimile:      210-775-1410
    ***Attorney for Plaintiff Ducky's Sportswear & T-Shirts LLC***

                                                    */s/ Jennifer L. Gibbs*
                                                    Jennifer L. Gibbs